# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, COMCAST MO GROUP, INC., NATIONAL DIGITAL TELEVISION CENTER, LLC (dba COMCAST MEDIA CENTER), and COMCAST IP HOLDINGS I, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BRITISH TELECOMMUNICATIONS PLC, BT GROUP PLC, BT AMERICAS, INC., BT CONFERENCING, INC., and BT INS, INC., <br><br> Defendants. | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Comcast Cable Communications, LLC, Comcast MO Group, Inc., National Digital Television Center, LLC (dba Comcast Media Center), and Comcast IP Holdings I, LLC (collectively "Comcast" or "Plaintiffs") allege for their Complaint against Defendants British Telecommunications plc, BT Group plc, BT Americas, Inc., BT Conferencing, Inc., and BT INS, Inc. (collectively "BT" or "Defendants"), on personal knowledge as to Comcast's activities and on information and belief as to the activities of Defendants, as follows:

### I. NATURE OF THE ACTION

1. This is a patent-infringement action seeking a determination that Defendants British Telecommunications plc ("British Telecom"), BT Group plc ("BT Group"), BT Americas, Inc. ("BT Americas"), BT Conferencing, Inc. ("BT Conferencing"), and BT INS, Inc. ("BT INS") have infringed and are currently infringing United States Patent Nos. 5,752,159 ("the '159 patent"), 6,115,035 ("the '035 patent"), 6,487,594 ("the '594 patent"), and 7,142,508 ("the

'508 patent"), 5,638,516 ("the '516 patent"), and 6,212,557 ("the '557 patent") (collectively "the Comcast Patents").

## II.     THE PARTIES

2. Plaintiff Comcast Cable Communications, LLC ("Comcast Cable") is a limited liability company organized and existing under Delaware law, with a principal place of business in Philadelphia, Pennsylvania.

3. Plaintiff Comcast MO Group, Inc. ("Comcast MO") is a corporation organized and existing under Delaware law, with a principal place of business in Philadelphia, Pennsylvania.

4. Plaintiff National Digital Television Center, LLC (dba Comcast Media Center) ("Comcast Media Center") is a limited liability company organized and existing under Colorado law, with a principal place of business in Philadelphia, Pennsylvania.

5. Plaintiff Comcast IP Holdings I, LLC ("Comcast IP") is a limited liability company organized and existing under Delaware law, with a principal place of business in Wilmington, Delaware.

6. Defendant British Telecom is a public liability company organized and existing under the laws of the United Kingdom, with a principal place of business at BT Centre, 81 Newgate Street, London EC1A 7AJ, England.  British Telecom is a wholly owned subsidiary of Defendant BT Group and purports to encompass virtually all businesses and assets of BT Group.

7. Defendant BT Group is a listed public liability company organized and existing under the laws of the United Kingdom, with a principal place of business at BT Centre, 81 Newgate Street, London EC1A 7AJ, England.

8. Defendant BT Americas is a corporation organized and existing under Delaware law, with its headquarters in Irving, Texas.  BT Americas is a wholly owned subsidiary of Defendants BT Group and British Telecom, and purports to serve the North American needs of BT's global customers.

9. Defendant BT Conferencing is a corporation organized and existing under Delaware law, with its headquarters in North Quincy, Massachusetts. BT Conferencing is a wholly owned subsidiary of Defendants BT Group and British Telecom, purports to serve the North American conferencing market, and sells, markets, and/or provides its products and services to BT's North American customers on its own and/or through Defendant BT Americas, which purports to serve the North American needs of BT's global customers.

10. Defendant BT INS is a corporation organized and existing under Delaware law, with its headquarters in Exton, Pennsylvania. BT INS is a wholly owned subsidiary of Defendants BT Group and British Telecom, and sells, markets, and/or provides its products and services to BT's North American customers on its own and/or through Defendant BT Americas, which purports to serve the North American needs of BT's global customers.

11. Defendants acted jointly and in concert by marketing, selling, and/or providing the infringing products and services described herein to BT's global customers on North America as components of BT Group's "BT Global Services" and/or "BT Retail" divisions.

### III.   JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

13. This Court has personal jurisdiction over Defendant British Telecom.

14. Defendant British Telecom's activities as described herein occurred within and/or were purposefully directed towards the state of Texas and this judicial district. British Telecom also maintains a continuous and systematic presence in the state of Texas and this judicial district on its own and/or through other BT entities, including Defendant BT Americas, which purports to serve the North American needs of BT's global customers.

15. This Court has personal jurisdiction over Defendant BT Group.

16. Defendant BT Group's activities as described herein occurred within and/or were purposefully directed towards the state of Texas and this judicial district. BT Group also

maintains a continuous and systematic presence in the state of Texas and this judicial district on its own and/or through other BT entities, including Defendant BT Americas, which purports to serve the North American needs of BT's global customers.

17. This Court has personal jurisdiction over Defendant BT Americas.

18. Defendant BT Americas regularly conducts business and maintains a continuous and systematic presence within the state of Texas and this judicial district, and employs persons within the state of Texas. BT Americas' activities as described herein occurred within and/or were purposefully directed towards the state of Texas and this judicial district, and BT Americas maintains a registered agent for service of process in the state of Texas.

19. This Court has personal jurisdiction over Defendant BT Conferencing.

20. Defendant BT Conferencing regularly conducts business within the state of Texas and this judicial district, and employs persons within the state of Texas. BT Conferencing's activities as described herein occurred within and/or were purposefully directed towards the state of Texas and this judicial district, and BT Conferencing maintains a registered agent for service of process in the state of Texas. BT Conferencing also maintains a continuous and systematic presence in the state of Texas and this judicial district on its own and/or through other BT entities, including Defendant BT Americas, which purports to serve the North American needs of BT's global customers.

21. This Court has personal jurisdiction over Defendant BT INS.

22. Defendant BT INS regularly conducts business within the state of Texas and this judicial district. BT INS's activities as described herein occurred within and/or were purposefully directed towards the state of Texas and this judicial district, and BT INS maintains a registered agent for service of process in the state of Texas. BT INS also maintains a continuous and systematic presence in the state of Texas and this judicial district on its own and/or through other BT entities, including Defendant BT Americas, which purports to serve the North American needs of BT's global customers.

23. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b) because each

Defendant has regularly conducted business within this judicial district and/or each Defendant's infringing activities, as described herein, occurred within and/or were purposefully directed toward this judicial district.

### IV.   THE COMCAST PATENTS

24. Comcast MO is the owner by assignment of the '159 patent, which is entitled "Method for Automatically Collecting and Delivering Application Event Data in an Interactive Network" and which duly and legally issued on May 12, 1998.  A true and correct copy of the '159 patent is attached as **Exhibit A** to this Complaint.

25. Comcast MO is the owner by assignment of the '035 patent, which is entitled "System and Method for Automated Audio/Video Archive and Distribution" and which duly and legally issued on September 5, 2000.  A true and correct copy of the '035 patent is attached as **Exhibit B** to this Complaint.

26. Comcast MO is the owner by assignment of the '594 patent, which is entitled "Policy Management Method and System for Internet Service Providers" and which duly and legally issued on November 26, 2002.  A true and correct copy of the '594 patent is attached as **Exhibit C** to this Complaint.

27. Comcast Media Center is the owner by assignment of the '508 patent, which is entitled "System and Method for Controlling Data Transfer Rates on a Network" and which duly and legally issued on November 28, 2006.  A true and correct copy of the '508 patent is attached as **Exhibit D** to this Complaint.

28. Comcast Cable is the owner by assignment of the '516 patent, which is entitled "Parallel Processor that Routes Messages Around Blocked or Faulty Nodes by Selecting an Output Port to a Subsequent Node from a Port Vector and Transmitting a Route Ready Signal Back to a Previous Node" and which duly and legally issued on June 10, 1997.  A true and correct copy of the '516 patent is attached as **Exhibit E** to this Complaint.

29. Comcast IP is the owner by assignment of the '557 patent, which is entitled "Method and Apparatus for Synchronizing Upgrades in Distributed Network Data Processing

Systems" and which duly and legally issued on April 3, 2001.  A true and correct copy of the '557 patent is attached as **Exhibit F** to this Complaint.

## V. DEFENDANTS' INFRINGING ACTIVITIES

30. Defendants hold themselves out as a global telecommunications company called "BT" that operates and provides communications services in more than 170 countries worldwide. *See* http://www.btplc.com/Thegroup/BTsHistory/History.htm; http://www.btplc.com/Thegroup/Ourcompany/index.htm; http://www.btplc.com/Thegroup/Ourcompany/Groupbusinesses/BTGlobalServices/index.htm; *see also* BT Group plc Annual Report & Form 20-F 2011 at 10 ("BT is one of the world's leading communications services companies, serving the needs of customers in the UK and in more than 170 countries worldwide.").  Defendant British Telecom also has repeatedly averred in United States courts that "BT is a global communications company that operates in more than 170 countries worldwide" and that it "provides global communications services."

31. North America is "a key market" for BT.  BT purports to serve numerous enterprise customers in the United States, including Unilever, Pepsico, Thomas Reuters, Cadbury, Procter and Gamble, and many of the world's largest financial institutions.  More than half of BT's top 2,000 customers are purportedly headquartered in the United States or are European companies with significant operations in the Americas, and more than 300 of BT Global Services' top customers are headquartered in the United States.  BT claims that it has had "a continuous presence in the United States since 1988 and today has more than 4,300 employees in the U.S. and Canada."  *See* BT Group plc Annual Report & Form 20-F 2010; *see also* http://www.btplc.com/Thegroup/Ourcompany/ TheBTstory/index.htm; http://www.btplc.com/Thegroup/BTUKandWorldwide/BTaroundtheworld/ UnitedStates/index.htm; http://globalservices.bt.com/globalLocation.do?method=VIEW& country=us.

32. BT owns and/or operates its own Multiprotocol Label Switching ("MPLS") telecommunications network infrastructure in various countries worldwide, including the United States, as part of its BT Global Services division.  *See, e.g.*, http://www.btplc.com/Thegroup/

Ourcompany/TheBTstory/index.htm; http://globalservices.bt.com/AboutusDetailsAction.do/About-us/about-bt-global-services/param/Record/about_bt_global_services_about_bt_global_services_us_en; http://www.btamericascareers.com/btamericas/btgs/.  BT purports to own and/or operate 26 MPLS nodes across North America, including within the state of Texas and this judicial district, and claims that its MPLS network in North America has "nation-wide reach to all major US and Canadian cities."  *See* http://www.btplc.com/Thegroup/BTUKandWorldwide/BTaroundtheworld/UnitedStates/index.htm; http://www.btamericascareers.com/btamericas.

33. BT's MPLS network purports to provide its multinational customers, including customers headquartered in or with a presence in the United States, with a private internet protocol virtual private network ("IP VPN") that combines flexible any-to-any communication found on the Internet with the reliability, quality, and security delivered via private line, frame relay, or ATM services.  BT's MPLS network also purports to provide BT's multinational customers with differentiated performance levels and prioritization of sensitive traffic as well as voice, multimedia, and other applications on a single, global network.  *See* http://btbusiness.custhelp.com/app/answers/detail/a_id/10985/~/what-is-mpls%3F.

34. BT also sells, markets, and/or provides audio, video, and internet collaboration services ("teleconferencing"), network management products and services, and other BT-branded products and services globally, including to customers headquartered or with a presence in the United States, the state of Texas, and this judicial district.  *See, e.g.*, http://globalservices.bt.com/HomeAction.do; https://www.btconferencing.co.uk/?ln=en_US; https://www.btconferencing.co.uk/about-us/?ln=en_US; https://www.btvideoconferencing.com/html/texas/; http://www.btconferencing.com/about-us/terms-and-conditions/contract-vehicles-for-federal-and-state/; http://globalservices.bt.com/static/assets/pdf/telecommunication_services/product_flyer_on_diamond_ip.pdf.

35. Defendants have misappropriated Comcast's patented technologies through the ownership and operation of their MPLS network and by marketing, selling, and/or providing teleconferencing, network management, and other infringing products and services to BT

customers within the United States.

36. Comcast seeks, among other things, compensation for Defendants' infringement of the Comcast Patents, including any and all global revenue generated from or attributable to Defendants' infringing activities in the United States, and an order enjoining Defendants from continued misappropriation of Comcast's patented technologies.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Infringement of United States Patent No. 7,142,508)**

37. Plaintiffs incorporate by reference Paragraphs 1 through 36, inclusive, as though fully set forth in this Paragraph.

38. Defendants British Telecom, BT Group, and BT Americas, and each of them, have been and/or are currently infringing, without license or authorization, the '508 patent through their marketing, selling, providing, ownership, operation, and control of/over BT's MPLS network infrastructure in North America, including within the state of Texas and this judicial district. BT owns, operates, and/or controls at least 26 MPLS nodes in the North American region, including within the state of Texas and this judicial district.

39. BT's MPLS network purports to provide BT's multinational customers, whether headquartered within the United States or elsewhere, with differentiated performance levels and prioritization of sensitive traffic as well as voice, multimedia, and other applications on a single, global network that extends into the United States, the state of Texas, and this judicial district.

40. Such activities utilize the inventions claimed in and covered by the '508 patent.

41. The infringing activities of said Defendants, who have acted jointly and in concert with respect to said activities, constitute a violation of Plaintiff Comcast Media Center's patent rights under, at a minimum, 35 U.S.C. § 271(a).

42. Plaintiff Comcast Media Center has no adequate remedy at law.

43. Plaintiff Comcast Media Center has sustained and continues to sustain damages as a direct and proximate result of Defendants' infringement of the '508 patent. The extent of such

damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Defendants' use and operation of its MPLS network in the United States, including revenue generated from or attributable to foreign entities that utilize and/or rely upon BT's MPLS network in the United States, and will be determined in the course of this lawsuit.

44. The above-named Defendants, and each of them, will continue to infringe the '508 patent unless and until enjoined by an order from this Court.

## SECOND CLAIM FOR RELIEF

### (Infringement of United States Patent No. 5,638,516)

45. Plaintiffs incorporate by reference Paragraphs 1 through 36, inclusive, as though fully set forth in this Paragraph.

46. Defendants British Telecom, BT Group, and BT Americas, and each of them, have been and/or are currently infringing, without license or authorization, the '516 patent through their marketing, selling, providing, ownership, operation, and control of/over BT's MPLS network infrastructure in North America, including within the state of Texas and this judicial district. BT owns, operates, and/or controls at least 26 MPLS nodes in the North American region, including within the state of Texas and this judicial district.

47. BT's MPLS network purports to provide BT's multinational customers, whether headquartered within the United States or elsewhere, with differentiated performance levels and prioritization of sensitive traffic as well as voice, multimedia, and other applications on a single, global network that extends into the United States, the state of Texas, and this judicial district.

48. Such activities utilize the inventions claimed in and covered by the '516 patent.

49. The infringing activities of said Defendants, who have acted jointly and in concert with respect to said activities, constitute a violation of Plaintiff Comcast Cable's patent rights under, at a minimum, 35 U.S.C. § 271(a).

50. Plaintiff Comcast Cable has no adequate remedy at law.

51. Plaintiff Comcast Cable has sustained and continues to sustain damages as a

direct and proximate result of Defendants' infringement of the '516 patent. The extent of such damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Defendants' use and operation of its MPLS network in the United States, including revenue generated from or attributable to foreign entities that utilize and/or rely upon BT's MPLS network in the United States, and will be determined in the course of this lawsuit.

52. The above-named Defendants, and each of them, will continue to infringe the '516 patent unless and until enjoined by an order from this Court.

## THIRD CLAIM FOR RELIEF

### (Infringement of United States Patent No. 6,212,557)

53. Plaintiffs incorporate by reference Paragraphs 1 through 36, inclusive, as though fully set forth in this Paragraph.

54. Defendants British Telecom, BT Group, and BT Americas, and each of them, have been and/or are currently infringing, without license or authorization, the '557 patent through their marketing, selling, providing, ownership, operation, and control of/over BT's MPLS network infrastructure in North America, including within the state of Texas and this judicial district. BT owns, operates, and/or controls at least 26 MPLS nodes in the North American region, including within the state of Texas and this judicial district.

55. BT's MPLS network purports to provide BT's multinational customers, whether headquartered within the United States or elsewhere, with differentiated performance levels and prioritization of sensitive traffic as well as voice, multimedia, and other applications on a single, global network that extends into the United States, the state of Texas, and this judicial district.

56. Such activities utilize the inventions claimed in and covered by the '557 patent.

57. The infringing activities of said Defendants, who have acted jointly and in concert with respect to said activities, constitute a violation of Plaintiff Comcast IP's patent rights under, at a minimum, 35 U.S.C. § 271(a).

58. Plaintiff Comcast IP has no adequate remedy at law.

59. Plaintiff Comcast IP has sustained and continues to sustain damages as a direct and proximate result of Defendants' infringement of the '557 patent. The extent of such damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Defendants' use and operation of its MPLS network in the United States, including revenue generated from or attributable to foreign entities that utilize and/or rely upon BT's MPLS network in the United States, and will be determined in the course of this lawsuit.

60. The above-named Defendants, and each of them, will continue to infringe the '557 patent unless and until enjoined by an order from this Court.

## FOURTH CLAIM FOR RELIEF

### (Infringement of United States Patent No. 5,752,159)

61. Plaintiffs incorporate by reference Paragraphs 1 through 36, inclusive, as though fully set forth in this Paragraph.

62. Defendants British Telecom, BT Group, BT Americas, and BT Conferencing, and each of them, have been and/or are currently infringing, without license or authorization, the '159 patent by marketing, selling, and/or providing teleconferencing and other products and services to BT customers within the United States, including within the state of Texas and this judicial district.

63. Such activities utilize the inventions claimed in and covered by the '159 patent.

64. The infringing activities of said Defendants, who have acted jointly and in concert with respect to said activities, constitute a violation of Plaintiff Comcast MO's patent rights under, at a minimum, 35 U.S.C. § 271(a).

65. Plaintiff Comcast MO has no adequate remedy at law.

66. Plaintiff Comcast MO has sustained and continues to sustain damages as a direct and proximate result of Defendants' infringement of the '159 patent. The extent of such damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Defendants' infringing activities in the United States,

and will be determined in the course of this lawsuit.

67. The above-named Defendants, and each of them, will continue to infringe the '159 patent unless and until enjoined by an order from this Court.

## FIFTH CLAIM FOR RELIEF

### (Infringement of United States Patent No. 6,115,035)

68. Plaintiffs incorporate by reference Paragraphs 1 through 36, inclusive, as though fully set forth in this Paragraph.

69. Defendants British Telecom, BT Group, BT Americas, and BT Conferencing, and each of them, have been and/or are currently infringing, without license or authorization, the '035 patent by marketing, selling, and/or providing teleconferencing and other products and services to BT customers within the United States, including within the state of Texas and this judicial district.

70. Such activities utilize the inventions claimed in and covered by the '035 patent.

71. The infringing activities of said Defendants, who have acted jointly and in concert with respect to said activities, constitute a violation of Plaintiff Comcast MO's patent rights under, at a minimum, 35 U.S.C. § 271(a).

72. Plaintiff Comcast MO has no adequate remedy at law.

73. Plaintiff Comcast MO has sustained and continues to sustain damages as a direct and proximate result of Defendants' infringement of the '035 patent. The extent of such damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Defendants' infringing activities in the United States, and will be determined in the course of this lawsuit.

74. The above-named Defendants, and each of them, will continue to infringe the '035 patent unless and until enjoined by an order from this Court.

## SIXTH CLAIM FOR RELIEF

### (Infringement of United States Patent No. 6,487,594)

75. Plaintiffs incorporate by reference Paragraphs 1 through 36, inclusive, as though fully set forth in this Paragraph.

76. Defendants British Telecom, BT Group, BT Americas, and BT INS, and each of them, have been and/or are currently infringing, without license or authorization, the '594 patent by marketing, selling, and/or providing network management products and services, including without limitation firmware management products and services associated with the BT Diamond IP division of BT INS, to customers within the United States, including within the state of Texas and this judicial district.

77. Such activities utilize the inventions claimed in and covered by the '594 patent.

78. The infringing activities of said Defendants, who have acted jointly and in concert with respect to said activities, constitute a violation of Plaintiff Comcast MO's patent rights under, at a minimum, 35 U.S.C. § 271(a).

79. Plaintiff Comcast MO has no adequate remedy at law.

80. Plaintiff Comcast MO has sustained and continues to sustain damages as a direct and proximate result of Defendants' infringement of the '594 patent. The extent of such damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Defendants' infringing activities in the United States, and will be determined in the course of this lawsuit.

81. The above-named Defendants, and each of them, will continue to infringe the '594 patent unless and until enjoined by an order from this Court.

### VII.  JURY DEMAND

82. Plaintiffs request a jury trial for all issues so triable.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants and grant the following relief:

    A.    A judicial determination that the Comcast Patents—specifically, the '159, '035, '594, '508, '516, and '557 patents—are each valid and enforceable;

    B.    A judicial determination that Defendants British Telecom, BT Group, BT Americas, and BT Conferencing, and each of them, have infringed the '159 patent;

    C.    A judicial determination that Defendants British Telecom, BT Group, BT Americas, and BT Conferencing, and each of them, have infringed the '035 patent;

    D.    A judicial determination that Defendants BT Americas and BT INS, and each of them, have infringed the '594 patent;

    E.    A judicial determination that Defendants British Telecom, BT Group, and BT Americas, and each of them, have infringed the '508 patent;

    F.    A judicial determination that Defendants British Telecom, BT Group, and BT Americas, and each of them, have infringed the '516 patent;

    G.    A judicial determination that Defendants British Telecom, BT Group, and BT Americas, and each of them, have infringed the '557 patent;

    H.    An order enjoining Defendants and their directors, officers, employees, attorneys, agents, and all other persons, parent companies, subsidiary companies, and affiliated companies in active concert or participation with any of the foregoing, from further acts of infringement of the Comcast Patents;

    I.    An award of damages adequate to compensate Plaintiffs for Defendants' infringement of the Comcast Patents;

    J.    An assessment of pre-judgment and post-judgment interest on damages awarded to Plaintiffs;

    K.    A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award to Plaintiffs of its attorneys' fees, costs, and expenses in this lawsuit; and

    L.    Any other and further relief that this Court deems just and equitable.

Respectfully submitted this 1st day of June, 2012

        Keker & Van Nest LLP

        /s/ Brian L. Ferrall
        Brian L. Ferrall (California Bar #160847)
        bferral@kvn.com
        Leo L. Lam  (California Bar #181861)
        llam@kvn.com
        Benedict Y. Hur (California Bar #224018)
        bhur@kvn.com
        Ryan K. Wong (California Bar #267189)
        rwong@kvn.com

        633 Battery Street
        San Francisco, CA 94111-1809
        415 391 5400  (Telephone)
        415 397 7188 (Facsimile)


        William B. Dawson (SBN #05606300)
        wdawson@gibsondunn.com
        Ashley E. Johnson (SBN #24067689)
        ajohnson@gibsondunn.com
        Gibson, Dunn & Crutcher LLP
        2100 McKinney Avenue, Suite 1100
        Dallas, Texas 75201-6921
        214 698 3100 (Telephone)
        214 571 2900 (Facsimile)