UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, COMCAST MO GROUP, INC., NATIONAL DIGITAL TELEVISION CENTER, LLC (d/b/a COMCAST MEDIA CENTER), and COMCAST IP HOLDINGS I, LLC, | § § § § § § § | |
| Plaintiffs, | § | Civil Action No. 3:12-cv-1712-M |
| v. | § § § | |
| BRITISH TELECOMMUNICATIONS PLC, BT GROUP PLC, BT AMERICAS INC., BT INS, INC., and BT CONFERENCING, INC., | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Transfer Venue, or, in the Alternative, Motion to Dismiss Claims Against British Telecommunications plc for Lack of Personal Jurisdiction [Docket Entry #24], filed by Defendants. For the reasons stated on the record on December 3, 2012, and as explained below, the Motion to Transfer is **DENIED** without prejudice. The Court reserves its ruling on whether the Court can exercise personal jurisdiction over British Telecommunications plc and BT Group plc until Plaintiffs complete jurisdictional-related discovery.

I.   BACKGROUND

Plaintiffs Comcast Cable Communications, LLC ("Comcast Cable"), Comcast MO Group, Inc. ("Comcast MO"), National Digital Television Center, LLC (d/b/a Comcast Media

Center) ("National Digital"), and Comcast IP Holdings I, LLC ("Comcast IP") (collectively the "Plaintiffs") filed this action against Defendants, alleging infringement of six patents: United States Patent Nos. 5,752,159 ("the '159 patent"), 6,115,035 ("the '035 patent"), 6,487,594 ("the '594 patent"), 7,142,508 ("the '508 patent"), 5,638,516 ("the '516 patent"), and 6,212,557 ("the '557 patent") (collectively "the Comcast Patents").  Plaintiffs maintain that Defendants' provision of a Multiprotocol Label Switching ("MPLS") telecommunications network infringes the Comcast Patents.  According to Plaintiffs' Original Complaint, Defendants' MPLS Network provides its multinational customers with a private internet protocol virtual private network ("IP VPN") that combines flexible any-to-any communication found on the Internet with the reliability, quality, and security delivered via private line, frame relay, or ATM services. Plaintiffs plead that Defendants' MPLS network provides their multinational customers with differentiated performance levels and prioritization of sensitive traffic, as well as voice, multimedia, and other applications on a single, global network.  In addition to suing each Defendant individually for patent infringement, Plaintiffs also assert joint infringement claims against all Defendants.

     Plaintiffs Comcast Cable and Comcast MO are both corporations organized under Delaware law, with their principal places of business in Philadelphia, Pennsylvania.  Plaintiff Comcast IP also is organized under Delaware law, but has a principal place of business in Wilmington, Delaware.  Defendants BT plc and BT Group are foreign entities organized under the laws of the United Kingdom, with principal places of business in London, England. Defendant BT Americas is a corporation organized under Delaware law, with its headquarters in Irving, Texas.  BT Americas is a wholly-owned subsidiary of Defendants BT Group and BT plc, and purports to serve the North American needs of Defendants' global customers.  Defendant BT

Conferencing is a corporation organized and existing under Delaware law, with its headquarters in North Quincy, Massachusetts. Defendant BT INS is a corporation organized and existing under Delaware law, with its headquarters in Exton, Pennsylvania.[1]

The Court has not yet issued a Scheduling Order, and the parties have not begun discovery. Defendants collectively move to transfer this case to the District of Delaware pursuant to 28 U.S.C. § 1404(a), asserting that such a transfer would be more convenient for the parties and witnesses, and would serve the interests of justice. In support, Defendants contend that only one of the named Defendants—BT Americas—has a principal place of business in the Northern District of Texas, and that all Plaintiffs are incorporated in Delaware and within the subpoena power of the Delaware court. As additional support for Defendants' contention that Delaware is a more convenient forum, Defendants emphasize that two Defendants—BT Americas and BT Conferencing—are also incorporated in Delaware. Defendants also point to a separate lawsuit Comcast Cable filed against BT plc in Delaware, C*omcast Cable Comm'ns, LLC & Comcast Corp., v. British Telecomm, plc*, Case No.1:99-mc-0999 (the "Delaware action"). In that case, Comcast Cable filed suit for infringement of another set of patents, and BT plc counterclaimed, alleging infringement of its own patents. Defendants argue that while the patents-in-suit here are different from those asserted in the Delaware action, the partial overlap in parties and technology favors a transfer to Delaware.

Plaintiffs respond that Defendants only real basis for the transfer is the pendency of the Delaware action. Plaintiffs contend that the patents at issue in the Delaware action involve managing and organizing the flow of data over cable networks, which is not the technology involved in this action. Plaintiffs contend that the mere existence of a separate lawsuit on

---

[1] According to Defendants' briefing, BT INS has merged with BT Americas and is no longer a separate subsidiary of BT Group.

unrelated patents against unrelated products in Delaware should not warrant a transfer to Delaware. Plaintiffs also argue that many of Defendants' arguments in support of transfer improperly focus on the supposed convenience that a transfer to Delaware would bring to Plaintiffs, who have deliberatively chosen to litigate this action in Texas.

## II.   LEGAL STANDARD

A district court may transfer a civil case "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West 2012). When a motion is brought challenging the plaintiff's chosen forum, the defendant has the burden of demonstrating why the forum should be changed. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (en banc). The law in the Fifth Circuit requires a district court to consider a number of private and public interest factors when determining whether to grant a motion to transfer. *Id.* The private interest factors are: (a) the relative ease of access to sources of proof; (b) the availability of compulsory process to secure the attendance of witnesses; (c) the cost of attendance for willing witnesses; and (d) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* at 315. The public interest factors are: (a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized interests decided at home; (c) the familiarity of the forum with the law that will govern the case; and (d) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* Though appropriate for most transfer cases, these public and private interest factors are not necessarily exhaustive or exclusive, and no single factor is dispositive. *Id*.

While not properly considered as an independent factor in the analysis, the plaintiff's choice of venue is entitled to deference. *Id.* Thus, a defendant seeking transfer must show good

cause for the transfer. *Id.* "The burden on the movant is 'significant,' and for a transfer to be granted, the transferee venue must be 'clearly more convenient than the venue chosen by the plaintiff.'" *AT & T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, No. 3:08–cv–1637–M, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.) (quoting *In re Volkswagen*, 545 F.3d at 315). The Court will assume for purposes of this analysis that this case could have been brought in the District of Delaware;[2] therefore, the only issue to be determined is whether the convenience of the parties and witnesses, in the interest of justice, requires a transfer to Delaware.

### III.   ANALYSIS

1. <u>Private Interest Factors</u>

   *A. First Private Interest Factor: Relative Ease of Access to Sources of Proof*

Due to increasing technological advances, access to some sources of proof presents a lesser inconvenience than it once did; however, the fact that technology reduces the inconvenience does not render this factor superfluous. *Id.* at 316. In their Motion, Defendants make only the single conclusory statement regarding this factor: "[a]ccess to sources of proof is likely to be easier in Delaware than in Texas." Defs.' Mot. 7. Defendants do not allege that any specific documents will be more easily accessed in discovery if the case is tried in Delaware instead of Dallas, or point to any evidence that would be available in Delaware, and not Texas. That Delaware is closer to Plaintiffs' home turf will likely have no practical effect on the ease of access to documentary evidence at trial. Having found that there is no evidence that transferring this case to Delaware would cause an appreciable difference in the ease of access to the

---

[2] The Court has deferred resolution of the pending Motion to Dismiss for Lack of Personal Jurisdiction filed by BT Group and BT plc until Plaintiffs have completed jurisdictional-related discovery and filed an Amended Complaint articulating additional facts in support of jurisdiction. If this Court concludes that it can exercise *in personam* jurisdiction over BT Group and BT plc under Fed. R. Civ. P. 4(k)(2), then presumably under Rule 4(k)(2), Delaware could also exercise personal jurisdiction over BT Group and BT plc. As Defendant BT Group maintains that it is not subject to personal jurisdiction in either Texas or Delaware, and the Court cannot resolve at least the Texas part of that issue until the completion of jurisdictional-related discovery, the Court assumes for the purposes of this analysis that this action could have been brought in Delaware.

evidence, the Court finds that this factor does not weigh in favor of transfer and is, at best, neutral.

### B. *Second Private Interest Factor: Availability of Compulsory Process to Secure the Attendance of Witnesses*

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) mandates that a subpoena must be quashed or modified by the issuing court when the subpoena requires "a person who is neither a party nor a party's officer to travel more than one-hundred miles from where that person resides, is employed, or regularly transacts business in person-except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held." In their Motion, Defendants argue that Delaware is the only forum that has subpoena power over Plaintiffs, and thus, the only one that has authority to subpoena Plaintiffs' employees. Defs.' Mot. 8. The Court is not persuaded by Defendants' argument. Transferring this case to the District of Delaware would make compulsory process more difficult for Comcast, because none of the Defendants have headquarters within one-hundred miles of that forum. Moreover, the movants do not identify specific witnesses for which compulsory process is *necessary* but not available. The Court finds this factor to be, at best, neutral. *See Sivertson v. Clinton,* 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) ("Because the [party seeking transfer] has not identified any witnesses for whom compulsory process will be needed, the court finds that this factor is neutral.").

### C. *Third Private Interest Factor: The Cost of Attendance for Willing Witnesses*

The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue. *AT&T Intellectual Prop.*, 2009 WL 774350, at

*5; *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.,* No. 3:08–cv–816–G, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009) (Fish, J.).  However, it is the convenience of the non-party witnesses that is accorded the greatest weight. *AT&T Intellectual Prop.*, 2009 WL 774350, at *5.  The convenience of the witnesses who are employees of the party seeking transfer is entitled to less weight because that party will be able to compel their testimony at trial. *Ternium,* 2009 WL 464953, at *4; *accord AT & T Intellectual Prop.*, 2009 WL 774350, at *5.

In their Motion, Defendants acknowledge that given the multitude of parties in this case, at least some witnesses are going to have to travel a significant distance to attend trial and trial-related activities, and that the magnitude of travel-related costs at this juncture is unclear.  Defs.' Mot. 8.  Defendants have not identified potential witnesses by name or made a comparative analysis of the comparison in costs any particular witness would incur if the Court transferred this case to Delaware.  Absent any argument that proceedings in Delaware would result in added convenience for particular witnesses, the Court finds this factor is, at best, neutral.

### D. Fourth Private Interest Factor:  Practical Considerations for Expeditious Adjudication

In arguing this factor supports a transfer, Defendants rely primarily on the pending Delaware action.  Although conceding that different patents are asserted in the Delaware action, Defendants claim the general subject matter of the patents in both suits is largely the same. Defendants urge that Judge Sue Robinson, who is presiding over the Delaware action, is familiar with the technologies at issue and has resolved discovery disputes relating to these technologies. Defs.' Mot. 9.  Defendants also charge that any consideration of settlement in the Delaware action will need to encompass a global resolution of all disputes between the parties.

The Court does not find Defendants' argument persuasive.  The fact that this case presents different patents asserted against different technologies, products, and services, and that

multiple parties here are not involved in the Delaware case is significant. Whenever this case is tried, the court will have to familiarize itself with the patents. Further, Defendants have expressly stated that they would not seek to consolidate Comcast's claims in this case with the pending Delaware action, thus undercutting Defendants' argument that judicial economy would be served by a transfer. Finally, the Court does not regard the pendency of the two actions as itself creating an impediment to settlement, especially where the only overlap in parties between the two cases is Comcast Cable and BT plc. The Court concludes that this factor does not weigh in favor of a transfer, and is, at best, neutral.

2. Public Interest Factors

In their Motion, Defendants acknowledge, and Plaintiffs do not dispute, that the third and fourth factors are neutral, and the Court agrees.

### I. First Public Interest Factor: Administrative Difficulties Flowing from Court Congestion

As to the first factor, Defendants argue that because cases reach trial quicker in the District of Delaware, the first factor favors a transfer. In support, Defendants cite a study that indicates that on average, the Northern District of Texas and the District of Delaware dispose of cases in approximately the same time frame, where cases reach trial in approximately 2.26 years in the Northern District of Texas and 2.03 years in the District of Delaware. Defs.' Mot. 10. The Court does not find these modest differences to be material and thus, they do not support a transfer.

### II. Second Public Interest Factor: The Local Interest in Having Localized Interests Decided at Home

The Court's analysis of the public interest factors is primarily directed to the second factor: the local interest in having localized interests decided at home. *See Volkswagen*, 545 F.3d

at 315.  This factor is based on the premise that jury duty is a burden that should not be imposed upon the people of a community that has no relation to the litigation.  *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, No. 3:08–cv–816–G, 2009 WL 464953, at *5 (N.D. Tex. Feb. 24, 2009) (Fish, J.).  It is well-established that the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6 (1981).

In their Motion, Defendants argue that while BT Americas has a Texas presence, all of the other entities have principal places of business in different judicial districts, and the majority of the entities are Delaware corporations.  As even Defendants recognize, however, none of the Defendants has a principal place of business or even an office in Delaware.  By contrast, BT Americas has its headquarters in this district, and thus the residents of Texas have a local interest in the outcome of this case.  The Court finds that this factor weighs against a transfer.

### III.   CONCLUSION

Considering all of the § 1404(a) factors, and having found that none of the private interest or public interest factors weigh in favor of a transfer,  the Court holds that Defendants have not met their significant burden of showing that Delaware is a clearly more convenient venue. Defendants' Motion to Transfer is thus **DENIED** without prejudice.

**SO ORDERED.**

Dated: December 20, 2012.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS