IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS LLC, | § | |
| COMCAST MO GROUP, INC., NATIONAL | § | |
| DIGITAL TELEVISION CENTER, LLC | § | |
| (dba COMCAST MEDIA CENTER), and | § | |
| COMCAST IP HOLDINGS I, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No.:3:12-CV-1712-M |
| BT AMERICAS, INC., and BT CONFERENCING, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## PATENT SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of this Court (except as modified

herein), the Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any

appropriate proposal submitted by the parties, the Court enters this Patent Scheduling Order.

*Miscellaneous Order No. 62* is in effect except as set out in this Order.  Unless otherwise ordered or

specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended,

must be observed.

1. **Trial Date:**  This case is **set for jury trial** on this Court's three-week docket beginning

   **Monday, June 9, 2014, at 9:00 a.m.**  Counsel and the parties must be ready for trial on

   two (2) business days notice at any time during this three-week period, unless the Court

   specifies otherwise at the pretrial conference.  **Any potential conflicts which can now**

   **be contemplated must be called to the attention of the Court in writing within ten**

   **(10) days of the date of this Order**.

2. **Joinder of Parties:**   By **September 27, 2013**, all motions requesting **joinder** of additional parties shall be filed.

3. **Amendment of Pleadings:**  By **September 27, 2013**, amendments of pleadings shall be filed.  Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph.  The amending party shall attach as an exhibit to the Amended Complaint a redlined version of the Complaint.

4. **Dispositive Motions:**   All motions that would dispose of all or any part of this case, including motions for **summary judgment,** shall be filed by **February 7, 2014**.  Cross-motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline.  If the parties seek to extend the dispositive motion deadline closer to the trial date than 120 days, such an extension may mean that the Court may not be able to decide such motions before trial.  Delay in deciding motions will not affect the trial date.  Briefs in support of responses to summary judgment motions shall be subject to the page restrictions contained in Local Rule 56.5(b).  The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment.  If a motion for summary judgment is filed by a party, that party will have to seek leave to file any additional motion(s) for summary judgment.

5. **Initial Designation of Experts:**   Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)") on or before **November 15, 2013**.

6. **Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) on or before **December 16, 2013**.

7. **Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed no later than **January 16, 2014**.

8. **Handling and Protection of Privileged or Trial-Preparation Material:** The parties shall submit, within thirty (30) days of the date of this Order, the Confidential Information Protective Order which is Appendix A to Miscellaneous Order No. 62, for protection of proprietary information that will also delineate the handling of attorney-client and attorney-work product information. If the parties desire to provide a technology tutorial, they shall exchange proposed written or visual tutorial presentations prior to submission of the Court. If the parties agree on a final tutorial presentation, it shall be submitted to the Court at the Court's request. If the parties cannot agree on a joint tutorial presentation, each side shall submit their respective presentations to the Court and serve on all parties at least seven days prior to the date set by the Court for submission to the Court.

9. The parties shall adhere to the following schedule:

| Local Rule | Description | Deadline |
|---|---|---|
| 3-1 | Plaintiff's disclosure of asserted claims and preliminary infringement contentions must be served; notice of service of same to be filed | January 18, 2013 (expired) |
| 3-2 | Plaintiff's document production accompanying preliminary infringement contentions | January 18, 2013 (expired) |

| 3-3(a) | Defendant's preliminary invalidity contentions to be served; notice of service of same to be filed | March 4, 2013 |
|---|---|---|
| 3-4 | Defendant's document production accompanying preliminary invalidity contentions | March 4, 2013, except for the '400; Monday, March 25, 2013 for the '400 |
| | Amendment of Pleadings | September 27, 2013 |
| 4-1(a) | Simultaneous exchange of proposed terms and claim elements for construction | Monday, March 18, 2013, except for the '400; Monday, April 8, 2013 for the '400 |
| 4-2 (a) | Deadline for exchange (Exchange of preliminary claim constructions and extrinsic evidence) | Monday, April 8, 2013, except for the '400; Tuesday, April 23, 2013 for the '400 |
| 4-2 (b) | Deadline to meet and confer (Meet and confer to limit claim construction issues) | Monday, April 8, 2013, except for the '400; Tuesday, April 23, 2013 for the '400 |
| 4-3 | Joint claim construction prehearing statement | Monday, May 3, 2013 |
| 4-4 | Deadline to complete claim construction discovery | Monday, June 3, 2013 |
| 4-5(a) | Deadline to serve and file claim construction briefs | Monday, June 17, 2013 |
| 4-5(b) | Deadline to serve and file claim construction responsive briefs | Monday, July 1, 2013 |
| 4-5(c) | Deadline for joint submission of claim construction chart | August 5, 2013 |
| 4-6 | Claim construction hearing | Monday, August 19, 2013, at 1:30 p.m. |
| 3-6 | Final infringement contentions under Miscellaneous Order No. 62 | Markman ruling + 30 days |
| 3-8 | Wilfullness disclosures under Miscellaneous Order No. 62 | Markman ruling + 50 days |
| 3-6 | Final invalidity contentions under Miscellaneous Order No. 62 | Markman ruling + 50 days |
| | Completion of Fact Discovery | October 15, 2013 |

| | | |
|---|---|---|
| | Initial Designation of Experts | November 15, 2013 |
| | Responsive Designation of Experts | December 16, 2013 |
| | Objections to Experts | February 28, 2014 |
| | Completion of Expert Discovery | December 30, 2013 |
| | Last day to file dispositive motions | February 7, 2014 |
| | Pretrial Conference | Friday, June 6, 2014, at 11:00 a.m. |
| | Jury Selection | 3-week docket beginning June 9, 2014, at 9:00 a.m. |

10. **Pretrial Disclosures and Objections:**  Unless otherwise directed by Order, the parties must make the disclosures required by Rule 26(a)(3)(A)(I)-(iii), Fed. R. Civ. P. by **May 27, 2014.  Within seven (7) days** thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any.  Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed.  Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

11.  **Completion of Discovery:**   By **October 15, 2013**, all **factual discovery** shall be completed.  By **December 30, 2013**, all **expert discovery** shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) **prompt written notice** of the extension is given to the Court.

**Discovery Limitations:**

**Requests for Admission:**

The number of requests for admission with respect to substantive matters is limited to 70

per party. If necessary, the number of requests for admission for purposes of

authenticating documents and/or discovery should not be limited.

**Interrogatories:**

The number of interrogatories is limited to 60 per side.

**Depositions:**

| | |
|---|---|
| Fact Depositions: | The parties agree to a maximum of 25 fact witness depositions by each party of the other party and its employees.[1]  Each deposition of a fact witness (other than those taken pursuant to Fed. R. Civ. P. 30(b)(6)) is limited to 7 hours unless extended by agreement of the parties. There will be a maximum of 25 third-party fact depositions by each side. Fact depositions of named inventors will be limited to 120 hours in total, with no one inventor deposition to exceed 14 hours.  All depositions of parties and representatives thereof, including any that occur outside the United States, will be governed by the Federal Rules of Civil Procedure, the local rules of this Court, and any applicable standing orders or orders particular to this case unless contradicted by the law of the locale of the deposition. |
| Expert Depositions: | Plaintiff may take up to 7 hours of deposition of each expert per report. If an expert offers a technical opinion regarding more than one of the patents in suit, Plaintiff may take an additional 1.5 hours of deposition of that expert patent over one (e.g., if an expert offers an opinion regarding validity or invalidity of three of the asserted patents, Plaintiff may take 10 hours of deposition of that expert). Defendant my take 7 hours of deposition of each expert per report. If an expert offers a technical opinion regarding more than one of the asserted patents, Defendant may take an additional 1.5 hours of that expert per patent over one (e.g., if an expert offers an opinion regarding infringement or non-infringement of three of the |

---

[1]Here and elsewhere, all Comcast plaintiffs collectively constitute one party and all BT defendants collectively constitute one party.

patents in suit, defendant may take 10 hours of deposition of
that expert).

**Additional agreements:**

Expert Discovery:      Communications between the experts and counsel will be immune from discovery and shall not be used for any purpose in this litigation.  Any underlying documents or information, such as prior art and/or discovery documents, etc., shown to the experts will, however, be discoverable.  Any such underlying documents or information relied upon by the experts will be identified in the respective expert's reports.  Draft reports, draft declarations, draft affidavits, and notes taken or prepared by testifying experts or their assistants, as part of this litigation, will not be subject to discovery and will not be used for any purpose in this litigation.  In addition, communications with non-testifying experts, employees or consultants of a party will also be immune from discovery and shall not be used for any purpose in this litigation unless specifically cited for support in an expert's report.

There will be no discovery from consultants or experts with the exception of experts designated to testify at trial.  Only the final expert report served on an opposing party and the materials that the testifying expert considered relied upon (including materials, facts, consulting expert opinions, and other matters actually relied upon) in forming his/her opinions other than the communications set forth above are discoverable.  A testifying expert's compensation and time spent on the engagement are discoverable.  An expert's past work history, including his of her prior publications, expert reports, deposition testimony, affidavits, and declarations are discoverable, although the parties retain the right to object to the production of such material on grounds, including, without limitation, relevance.

12. **Settlement Status Report and Settlement Conference:**  Counsel, or the respective

party if not represented by counsel, are directed to confer and file with the Court by

**October 21, 2013**, a joint report setting forth the status of settlement negotiations and

the specific efforts made by the parties to resolve this case.  If no efforts have been made,

the parties must state the reasons why no settlement efforts have occurred.  Counsel shall

include in such report a statement about their views about ADR (timing and preference for provider, if any), and desire for a settlement conference to be conducted by the Magistrate Judge. Not later than **May 19, 2014**, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case. All parties must make a good faith effort to settle this case. At the conclusion of this conference, counsel must, **within three business days**, notify the Court in writing of the participants' names and capacities, and the results of the settlement conference.

13. **Pretrial Materials:**

(a) By **May 28, 2014**, the following pretrial materials **must** be filed:

1. **Pretrial Order:** A **joint pretrial order** shall be submitted by Plaintiffs' attorney which covers each of the matters listed in Local Rule 16.4 and which states the **estimated length of trial**. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate); however, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders,** since each party may present its version of any disputed matter in the joint pretrial order. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case. **Parties shall summarize their claims and defenses in the pretrial order.**

2. **Witness List:** Each party must file a **list of witnesses** who may be called by each party in its case in chief. Each witness list shall contain a brief **narrative summary** of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "**probable**," "**possible**," "**expert**," or "**record custodian**." A copy of this list must be furnished to the Court reporter **prior** to trial.

3. **Exhibit List and Deposition Testimony:** A **list of exhibits** and a **designation of portions of depositions** to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for

each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced).  Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of case, case number, name of the party, and volume number of the binder.  A copy of the exhibit list must be furnished to the court reporter **prior** to trial.

   (b)  By **June 2, 2014**, the following **must** be filed.

    1.  **Jury Instructions:  Requested jury instructions (annotated)**[2] and issues shall be filed by each party.  The instructions and issues must be tailored to the specific case.  They shall be submitted in hard copy and on disk in a Word Perfect format.

    2.  **Proposed Voir Dire Questions:    Proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel must be filed.  The Court will submit to the jury a standard written questionnaire, a copy of which is attached. The parties may propose necessary modifications to the form as the case gets closer to trial. The Court, after completion of its voir dire, will allow counsel additional time to conduct their own voir dire examination..

14.    **Objections to Pretrial Materials and Motions in Limine:**  In addition to the objections to exhibits, and designated deposition testimony referenced in Paragraph 10, objections to witness lists shall be filed by **June 4, 2014**.  **Motions in limine,** if any, shall be filed by **June 4, 2014,** unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that date.  The parties shall confer promptly to determine what limine items may be unobjectionable. Not later than twenty-four hours before the time scheduled for pretrial conference, the parties shall advise the Court, in writing, of what limine items remain in genuine dispute.

---

[2] "Annotated" means that whenever possible, *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions.  The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit pattern instructions.

15. **Pretrial Conference:**  A **pretrial conference** in **this case** is set for **Friday, June 6, 2014, at 11:00 a.m.** Each party shall be represented by at least one attorney who will participate in the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial.  Fed. R. Civ. P. 16(b).  The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

16. **Modification of Patent Scheduling Order:**  The parties may agree to modify the deadlines  established by Paragraphs 2, 3, 5, 6, 7 and 11 of this Patent Scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court.  If the parties seek to extend any of the deadlines set forth in Paragraphs 4, 10, 13 or 14, they shall file a motion seeking such an extension before the deadline elapses.  This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court.  Fed. R. Civ. P. 16(b).  **It is only under truly extraordinary circumstances that the Court will reset the trial date**.  If any such request is made, it must be made in writing and in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

17. Under Local Rule 7.1, unless otherwise directed by the Court, Responses to Motions must be filed by the twenty-first day after the Motion is filed, and Replies are to be filed by the fourteenth day after the date the Response is filed.  If the due date falls

on a Saturday, Sunday, or federal holiday, the Response or Reply is due on the next business day.  Federal Rule 6(d), which provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)©, (D), (E), or (F),  3 days are added after the period would otherwise expire under Rule 6(a)," does not apply to Response or Reply due dates, which are calculated under Local Rule 7.1 according to the Motion or Response's filing date, not the date of service.  If a party is unaware of the filing date of a Motion or Response, the party may contact the Court to ascertain that information.

18.     **Parties:**  Whenever the name of any party, or the name of the parent of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change, within twenty (20) days of the event. It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

19.     The Court is aware of a trend today in which fewer cases go to trial, and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for young lawyers (*i.e.*, lawyers practicing for less than seven years).  The Court strongly encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response.  In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a young lawyer will weigh in favor of holding a hearing.  The Court understands that there may be circumstances where having a young lawyer handle a hearing might not be appropriate – such as where no young

lawyers were involved in drafting the motion, or where the motion might be dispositive in a "bet-the-company" type case.  Even so, the Court believes it is crucial to provide substantive speaking opportunities to young lawyers, and that the benefits of doing so will accrue to young lawyers, to clients, and to the profession generally.  Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

20.     **Compliance with this Order:**  Counsel and the parties are expected to comply fully with this Order.  Failure to comply will cause the Court to consider the entire range of sanctions available.

21.     **Inquiries:   Only scheduling questions related to this Patent Scheduling Order are to be directed to Ms. Lori Anne Greco, Courtroom Deputy (214/753-2421).** **All other questions should be directed to the law clerk at 214-753-2418.**

**IT IS SO ORDERED** this 4th day of March, 2013.


_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS