**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Comcast Cable Communications et al., <br><br> Plaintiffs, <br><br> v. <br><br> British Telecommunications et al., <br><br> Defendants. | Civil Case No.: 3:12-cv-01712-B |

**BT's OPENING BRIEF IN SUPPORT OF
MOTION TO BIFURCATE TRIAL ON LIABILITY AND DAMAGES**

BT Americas, Inc. BT Conferencing, Inc. and BT Radianz (collectively "BT") request that this Court bifurcate and separate the trial on liability from the trial on damages. The Federal Rules authorize bifurcation to promote efficiency, economy, and convenience when bifurcation does not prejudice the nonmoving party. Courts in this district and other districts within the Fifth Circuit have recognized the utility of bifurcation of trial on liability and damages in patent cases. Moreover, in June of this year, the Federal Circuit expressly endorsed the bifurcation of liability and damages in "notoriously complex and expensive" patent cases like this one, especially in light of the high rate of reversal on claim construction and liability, which thereafter renders the damages effort inefficient at best and a waste of time at worst. In the same ruling, the Federal Circuit quieted typical objections to bifurcation, including concerns about the right of appeal of liability before resolving damages.

Here, Comcast Cable Communications LLC, Comcast MO Group, Inc., National Digital Television Center (d/b/a Comcast Media Center), and Comcast IP Holdings 1, LLC (collectively "Comcast") allege infringement of more than forty claims from six patents against sixty-five products and services covering multiple distinct technologies from three different companies. BT has asserted over twenty prior art invalidity references against the forty (plus) asserted claims as well as the lack-of-enablement defense against two of the patents. Bifurcating trials on liability and damages in this case would simplify, as much as possible, already complex infringement and invalidity issues for the jury, and would conserve judicial resources given the realities of the Federal Circuit reversal rate for patent cases. Therefore, as shown below, the Court should grant BT's motion to bifurcate.

## I. STATEMENT OF FACTS

Comcast asserts that BT infringes six (6) patents that generally relate to telecommunications technology. Although all relate generally to telecommunications, the patents-in-suit involved distinct areas of technology. Specifically, the patents cover the following technologies

- Methods for distributing digital audio/video information. These patent claims focus on a particular protocol for capturing and translating analog signals into a digital format;

- Methods for collecting event data from a multimedia application. These patent claims focus on a method for determining when an event (such as a WebEx conference) which takes place at a first client station should be saved and/or made available to a second client station;

- Methods for regulating the average rate of transmission on a network employing the TCP protocol. These patent claims focus on method giving priority to certain transmissions based upon the identity of the receiver;

- Methods of establishing a communication path through a network of interconnected nodes. These patent claims focus on a protocol for determining which nodes in a network are available to accept a new message and, once identified, allocating the node for future use in relation to a particular message and sending a route-ready command once a full pathway through the network has been established;

- A policy management system for Internet provisioning servers. These patent claims pertain to maintaining and coordinating central policy databases, regional policy databases, and the servers that implement the policies with respect to Internet provisioning services; and

- Methods of secure communication using cryptography and public/private encryption keys. These patent claims pertain to particular methods of establishing highly secure communications, such as those used by the banking and financial industries.

BT refers to its Markman briefs for more detailed explanation of the technologies claimed in the six different patents-in-suit. (D.I. 111 and 117).

In its December 10, 2012, (original) infringement contentions, Comcast accused more than fifty (50) BT products/services of infringing over forty claims of the six asserted patents. On July 12, 2013, Comcast served discovery requests covering fifteen (15) additional BT services. The forty (plus) claims asserted against the sixty-five accused products provided

by three different entities create thousands of infringement permutations that the jury will need to consider. The full list of accused products is attached as Exhibits A and B (App. 4-6).

BT denies Comcast's infringement allegations, and has asserted that each of the six patents-in-suit is invalid. In support of its invalidity contentions, BT has asserted over twenty prior art references, as well as the lack of enablement defense against two of the patents. The jury will need to consider each reference and defense in reaching its decision on liability in this case. If trial is not bifurcated, even before they have found infringement and validity as to one or more of the asserted patents, the jury will also have to hear damages and fact witnesses present damages substantial financial evidence, at least including sales data for each accused products, licensing evidence for various technologies, and complex financial data, all of which must be examined through the prism of Comcast's obligation to establish a nexus between the financial data and the detailed features of the accused products. This task will add unnecessary substantial additional complexity and confusion to already complex liability issues and, as shown below, establishes that this case warrants bifurcation.

## II. ARGUMENT

### A. The Court has discretion to bifurcate liability and damages issues for trial.

Pursuant to Rule 42(b), this Court has broad discretion to bifurcate issues for separate trials. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims."). The Federal Court recently made it "clear that district courts, in their discretion, may bifurcate willfulness and damages issues from liability issues in any given case." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 2013 U.S. App. LEXIS 12005, at *39 (Fed. Cir. June 14, 2013). "District court judges, of course, are best positioned to

make that determination on a case-by-case basis." *Id.* The Court should exercise its discretion by bifurcating trial on liability issues and damages issues in this case.

### B. Patent cases are particularly suitable for bifurcation of liability and damages.

Patent cases are particularly suitable for bifurcation of liability and damages to simplify issues and to ensure "manageability of the volume and complexity of the evidence presented to a jury." *Enzo Life Scis, Inc. v. Digene Corp.*, No. 02-212-JJF, 2003 WL 21402512, at *5 (D. Del. June 10, 2003); *see also Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, 2006 U.S. Dist. LEXIS 77664, at *4 (S.D. Tex. Oct. 25, 2006) ("Bifurcation of patent suits into liability and damages phases is common. Damages in patent cases often present legal and factual issues not relevant to the liability determinations."). Courts in this district and others within the Fifth Circuit have recognized the benefit of bifurcating cases in patent cases in order to "simplify[] factual presentation, reduc[e] costs, and sav[e] time." *Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 123 F.R.D. 543, 544-45 (N.D. Tex. 1988) (quoting *MCI Comm's v. AT&T*, 708 F.2d 1081, 1167 (7th Cir.), *cert. denied*, 464 U.S. 891 (1983)). The Court in *Mag Instrument* stated:

> In a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on the issues of liability and damages. The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent. A preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the Court and counsel and reduction of expense to the parties.

*Id.* (quoting *Swofford v. B&W, Inc.*, 34 F.R.D. 15 (S.D. Tex. 1963), *aff'd*, 336 F.2d 406 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965)). Bifurcation of liability and damages also avoids unnecessary jury confusion. *Id.* at 545. Bifurcation is appropriate even where some evidence

5

may overlap both issues. *See Intel Corp. v. Commonwealth Sci. & Indus. Res. Org.*, 2008 U.S. Dist. LEXIS 103613, at *31 (E.D. Tex. Dec. 23, 2008).

Some courts have made bifurcation of liability and damage in patent cases a standard practice.  See J. Robinson, Scheduling Order, Patent Cases, (Rev 04/30/2013), Exhibit C (App. 7-11).[1]  The Federal Circuit recently reaffirmed the practice of regularly bifurcating trial on liability and damages, noting the "notoriously complex and expensive" nature of patent litigation, and the desirability of avoiding wasted time, energy, and resources "given the substantial reversal rate of liability determinations on appeal." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 2013 U.S. App. LEXIS 12005, at *28-29.

In deciding whether to bifurcate, Courts consider a number of factors, no one of which is dispositive, including: "a) a need for voluminous documents to resolve damages issues; b) complex infringement issues; c) multiple patents, infringing products, claim[s], counterclaims, or parties; or d) the probability that the defendant would prevail on the infringement issue, thereby eliminating the need to address the issue of damages." *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 742 F. Supp. 2d 492, 496 (D. Del. 2010) (internal quotation marks omitted). Moreover, bifurcation is appropriate "when the separation will result in judicial economy and will not unduly prejudice any party." *Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 982 (D. Del. 1982), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984).  As shown below, these factors here support bifurcation, and bifurcation will not unduly prejudice Comcast.

---

[1] Comcast and BT are currently involved in pre-existing patent litigation in Delaware, and liability issues and damages issues have been bifurcated in that Delaware litigation.

### C. Bifurcation In This Case Will Assist the Jury.

Bifurcation of liability and damages is particularly appropriate when multiple patents, claims and accused products are present because such bifurcation will reduce the burden on the jury. For example, one district court bifurcated trial on liability and damages in a case involving claims and counterclaims asserting infringement of five patents:

> Given that this case involves three Power patents and two Fairchild patents, at least eighteen asserted claims, three families of accused devices, and several infringement and invalidity theories for each patent-in-suit, trial of infringement (not to mention validity) will already present a complex task for the jury.

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 763 F. Supp. 2d 671, 689-90 (D. Del. 2010); *see also Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431 (D. Del. 2010) (bifurcating damages from liability where ten claims asserted against one product). Similarly, the Eastern District of Michigan bifurcated damages from liability in an infringement action that involved nine patents, over fifty claims and seven products accused of infringement. The Court emphasized the wide range of infringement possibilities in reaching its decision:

> [T]he Court concludes that the Defendants have demonstrated the need for a bifurcation of trial. At the outset, the Court notes that Bosch has asserted fifty-four different claims from nine different patents against seven different products. This creates a wide range of permutations of alleged infringements. Liability findings on certain claims could obviate the need for damages and wilfulness [sic] findings, which, in turn, could promote judicial efficiency.

*Robert Bosch, LLC v. Corea Autoparts Prod. Corp.*, 2012 U.S. Dist. LEXIS 24467, at *4 (E.D. Mich. Feb. 27, 2012); *compare Nielson v. Alcon, Inc.*, 2010 U.S. Dist. LEXIS 26804, at *4-5 (denying motion to bifurcate when "relatively simple" case involved a single patent asserted against a single product line).

7

Like the juries in *Power Technologies* and *Bosch*, and in contrast to the jury in *Nielson*, the jury here will have to consider a multitude of infringement combinations and invalidity references. Here, Comcast has accused sixty-five BT products and services offered by three different BT companies of infringing various combinations of more than forty claims from six patents. In order to determine infringement and invalidity, the jury must not only understand the various technologies, they must also keep straight the different scope of subject matter of the numerous patent claims, as well as which patent claims are asserted against which products, and which of the prior art references relate to which patents. Given this complexity, trying damages with infringement would "clutter the record and . . . confuse the jury." *Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. at 984.

**D. Bifurcation Would Conserve Judicial Resources.**

Conservation of judicial resources also warrants separating damages and liability in this action. The outcome of the liability trial will likely reduce or narrow the remaining damages issues, or may even render "a time-consuming and difficult damages trial unnecessary." *Mag Instrument, Inc.*, 123 F.R.D. at 545. *See also Robert Bosch, LLC v. Pylon Mfg. Corp.*, 2013 U.S. App. LEXIS 12005, at *28-29 ("Given the substantial reversal rate of liability determinations on appeal, the whole expense of a damages trial is often wasted."); *Power Integrations, Inc..*, 763 F. Supp. 2d at 690 ("There is also the possibility that the outcome at the first trial may make it unnecessary to try damages. Considering the Court's scarce judicial resources, on the whole the Court concludes that separation of damages is appropriate."); *Lab. Skin Care*, 757 F. Supp. 2d at 442 ("Judicial resources may be conserved through bifurcation, as liability may not be found, or even if found it may simplify the subsequent damages and willfulness trial.").

Given the many patents, claims and products at issue in this case, there will be many possible different damages issues for the jury to consider. Some or all of these issues may be avoided entirely depending on the outcome of the liability issues. If the jury finds that some or all of the asserted patent claims are invalid or that BT products do not infringe, the damages issues will be correspondingly simplified. Bifurcating damages will therefore reduce the risk of error at trial and conserve judicial resources.

### E.   Bifurcation Would Not Prejudice Comcast.

Finally, the Court should weigh the potential prejudice to Comcast as a result of bifurcation against the factors supporting bifurcation. *See* Fed. R. Civ. P. 42(b); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 394128, at *1 ("[C]ourts should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case."). District Courts must evaluate two competing forms of prejudice in bifurcation decisions: (1) "prejudice that may arise because of potential confusion of a jury on complicated issues if bifurcation is denied," and (2) "prejudice caused by the considerable delay that will result if separate trials and discovery is ordered." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 621 (N.D. Ill. 2000).

As discussed above, the potential for jury confusion, creating prejudice to BT, is high in this case. If some or all of the claims of the patents are found invalid or not infringed, the damages experts would then have a definitive identification of what products and patents they need to opine on. In contrast, Comcast cannot show any undue prejudice from the delay, since discovery is already proceeding on all issues. "Upon the jury finding liability issues, the damages issues will have already been prepared and there need be little delay between the time of liability findings and the consideration of damages issues." *James v. Nocona Gen. Hosp.*, 2005 U.S. Dist. LEXIS 77322, at *19-20 (N.D. Tex. Oct. 23, 2006). The Federal Circuit also

recently laid to rest any concerns about appealability of liability issues in bifurcated trials. *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 2013 U.S. App. LEXIS 12005, at *39-40.  Therefore, bifurcation would serve the goals of promoting efficiency and reducing jury confusion without prejudice to Comcast from the minimal delay in trial proceedings.

### F. Bifurcation of Discovery Would Also Conserve Resources

BT believes that bifurcation of discovery would also provide a great conservation of resources.  Damages discovery and the preparation of damages experts is very expensive and, in this case, will be even more so than normal due to the large number of accused products and asserted claims.  Although BT believes that the wisdom of bifurcating damages discovery warrants the Court's consideration, this motion does not seek to bifurcate damages discovery and BT will not so move without some further indication from the Court.

### III. CONCLUSION

For the reasons set forth above, BT respectfully asks this Court to bifurcate trial on liability issues from the dependent issue of damages.

Respectfully Submitted,

S/    DANIEL A. BOEHNEN
Douglas A. Cawley
Jennifer L. Henry
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4000

Daniel A. Boehnen
Grantland G. Drutchas
Marcus J. Thymian
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, IL 60606

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants. I further certify that I caused copies of the foregoing document to be served via email on counsel at BTO-KVN@kvn.com

s/ Daniel A. Boehnen<br>Attorney for Defendants

**RULE 7.1 CERTIFICATE OF CONFERENCE**

I hereby certify that on Tuesday and Wednesday, August 6 and 7, 2013, I conferred with Ajay Krishnan (and others) of Keker & Van Nest LLP, Counsel for Plaintiffs', regarding the foregoing motion. The parties agreed that they have fulfilled the meet and confer obligations of Rule 7.1.

s/ Daniel A. Boehnen<br>Attorney for Defendants